UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JODY D. SELBY,	)
	)
    Petitioner	)
	)
v.	)	CAUSE NO. 3:11-CV-036 RM
	)
SUPERINTENDENT	)
	)
    Respondent	)

## OPINION AND ORDER

Jody D. Selby, a *pro se* prisoner, filed a habeas corpus petition challenging his parole revocation. He reports that he hasn't presented his claims to the state courts.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

There are two possible ways to challenge a parole revocation in Indiana: by filing a post-conviction relief petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate seeks immediate release. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). And if a state habeas corpus petition is

improperly filed, it will be converted to a post-conviction petition. Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); Ward v. Ind. Parole Bd., 805 N.E.2d 893 (2004).

Mr. Selby hasn't filed either of those petitions in state court and hasn't presented his claims to the Indiana Supreme Court. Therefore he hasn't exhausted his State court remedies and this federal habeas corpus petition must be DISMISSED WITHOUT PREJUDICE pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

SO ORDERED.

ENTERED: January  27 , 2011

                                          /s/ Robert L. Miller, Jr.  
                                          Judge  
                                          United State District Court

cc: J. Selby